O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GALVAN o/b/o E.T.G., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | CASE NO. ED CV 08-00634 (RZ) <br><br> MEMORANDUM OPINION AND ORDER |

On behalf of her minor son, Plaintiff Erika Galvan seeks review of the Social Security Commissioner's decision denying his claim for childhood disability benefits. Plaintiff's son, who claimed entitlement as of the time he was five, and who was eight at the time of the administrative hearing, has a diagnosis of attention deficit hyperactivity disorder ("ADHD"). The Administrative Law Judge found that Plaintiff's son did not meet or medically equal a listing, and Plaintiff does not challenge this finding. The Administrative Law Judge also found that Plaintiff's son did not functionally equal a listing; this is the finding Plaintiff challenges.

In order to equal a listing functionally, a child must have marked limitations in two of six identified domains of functioning, or extreme limitations in one of the six. 20 C.F.R. § 416.926a(d). Plaintiff asserts that the Administrative Law Judge failed to consider properly the treating psychiatrist's opinion as to one of these domains, that of

attending and completing tasks, and to develop the record by seeking further information from the psychiatrist.

The Court does not agree that the Administrative Law Judge did not give proper attention to the comments of the treating psychiatrist. The comment Plaintiff refers to comes from a form, where the psychiatrist circled the "No" column with reference to the statement "Ability to [—] maintain a sustained level of concentration." [AR 131] (The form simply offered a "yes" or "no" option.) But this is an isolated statement descriptive of the diagnosis. Just three weeks earlier, the psychiatrist had started Plaintiff's son on Adderall XR, to target the ADHD diagnosis. [AR 133] After this initial trial on Adderall, the psychiatrist felt that he needed to adjust the medication ("Titrating meds to therapeutic dosage." [AR 131]). Thereafter, over a period of two years, the psychiatrist moved Plaintiff's son off Adderall and onto Concerta, and, subsequently, off Concerta and on to Metadate [AR 159]. During the course of this medication management, the psychiatrist expected Plaintiff's son to improve [AR 131, 125], and his ability to cope did show improvement. The records documented this improvement [AR 157, 158, 111], and supported the Administrative Law Judge's finding that Plaintiff's son's ability to function in the domain of attending and completing tasks, as well as the other domains, was at least less than marked.

Nor was the Administrative Law Judge required to re-contact the doctor to ascertain what the doctor meant by circling the box on the form. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). In context, there was nothing ambiguous about the comment; it was part of an assessment at a moment in time, which helped determine the course of treatment.

Plaintiff also contends that the Administrative Law Judge erred because he did not consider the fact that the son's Global Assessment of Functioning score had stayed constant at 43 for a period of one year, from early 2004 to early 2005. As the

Commissioner notes in his memorandum to this Court, however, Plaintiff's son's onset date for disability purposes was January 1, 2005 [AR 78], thereby making it of no moment that, prior to the alleged onset of disability, Plaintiff's GAF was equally low.  Beyond that, however, Plaintiff does not explain how this fact of the unchanged GAF meant that the Administrative Law Judge's analysis went awry, or which, if any domains would have been affected.

Finally, Plaintiff argues that the Administrative Law Judge failed to consider properly the lay witness testimony she gave as the claimant's mother.  As Plaintiff herself notes, the Commissioner did in fact note her testimony. [AR 23]  Plaintiff is simply wrong that the Administrative Law Judge did not consider her testimony, however.  He in fact considered it when assessing the domain of functioning titled "interacting and relating with others," and gave it less importance in reaching his conclusion because there was nothing to corroborate the testimony, and the testimony was inconsistent with the medical records and Plaintiff's statements to a social worker in July 2007. [AR 27-28]  The impact of this assessment was that, in terms of interacting and relating with others, Plaintiff's son was able to act with less than marked limitations.  That was an appropriate conclusion.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 15, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE